UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

THOMAS ANDREW CENSKE,

                        Plaintiff,                      Case No. 1:07-cv-691

v.                                            Honorable Paul L. Maloney

WILLIE O. SMITH et al.,

                        Defendants.

_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

        Plaintiff Thomas Andrew Censke, a prisoner incarcerated at Ionia Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within thirty days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F3d 378, 380-81 (6th Cir. 2002).

### Discussion

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-182 (9th Cir. 1999);

*Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan.  In at least three of Plaintiff's lawsuits, the court entered dismissals on the grounds that they were frivolous, malicious or failed to state a claim. *See Censke v. Marquette Gen. Hosp., Inc.,* No. 2:04-cv-292 (W.D. Mich.) (Op. & J. 2/9/05); *Censke v. Planned Parenthood*, No. 2:04-cv-301 (W.D. Mich.) (Op. & J. 2/3/05); *Censke v. U.S. Dep't of Justice,* No. 1:04-cv-804 (W.D. Mich.) (Op. & J. 1/4/05); *Censke v. U.S. Postal Serv.,* No. 1:04-cv-805 (W.D. Mich.) (Op. & J. 12/28/04); *Censke v. Marquette County Jail,* No. 2:03-cv-294 (W.D. Mich.) (Op. & J. 2/18/04).  Plaintiff has also been denied proceeding *in forma pauperis* under the "three-strikes rule" of 28 U.S.C. § 1915(g) in at least seven of his civil lawsuits.  *See Censke v. Mich. Dep't of Corr.,* No. 1:07-cv-201 (W.D. Mich.) (Op. & Order 4/27/07);  *Censke v. Laurilla,* No. 2:06-cv-290 (W.D. Mich.) (Op. & Order 12/15/06); *Censke v. Schartier,* No. 2:06-cv-292 (W.D. Mich.) (Op. & Order 12/14/06); *Censke v. Lavey, II,* No. 2:06-cv-291 (W.D. Mich.) (Op. & Order 12/14/06); *Censke v. U.S. Dep't of Justice,* No. 1:06-cv-23 (W.D. Mich.) (Op. & Order 2/14/06); *Censke v. Mich. State Police,* No. 1:04-cv-752 (W.D. Mich.) (Op. & J. 12/15/04); *Censke v. U.S. Dep't of Interior,* No. 1:04-cv-863 (W.D. Mich.) (Op. & Order 1/12/05).

Plaintiff's present allegations do not fall within the exception to the three-strikes rule because he does not assert any facts establishing that he is under an imminent danger of serious physical injury.  Plaintiff, who supposedly suffers from "serious mental illness[es]", complains about the conditions of his confinement at the Ionia Maximum Correctional Facility.  (Decl. at 1, docket

#4.)[1]  He argues that he is housed in "unsanitary inhumane living conditions" because raw sewage from his toilet has backed up several times into his cell between February and July 2007.  (Compl. at 2-4, docket #1.)  Plaintiff further alleges that his cell floods from overflowed toilets at least three times a week.  (Compl. at 4; Decl. at 5.)  When the cells above Plaintiff's cell flood, the sewage also leaks from the ceiling onto Plaintiff's desk, sink, legal property, clothes and bedding.  (Compl. at 3; Decl. at 5.)  The prisoners, however, do not receive any cleaning supplies from the Michigan Department of Corrections (MDOC) and the MDOC only completes laundry once a week.  (Decl. at 4; Mem. at 2, docket #3.)  In the past, Plaintiff experienced "'flu like' illnesses, intestinal ailments, respi[ra]tory ailments . . . skin rash[es], and [a] yeast type infection" as a result of his living conditions.  (Compl. at 3.)  Plaintiff also argues that exposure to the sewage creates a risk of exposure to HIV, AIDS and Hepatitis.  (Mem. at 4.)  Finally, Plaintiff alleges that the food cart is rarely cleaned even though inmates have smeared feces on the cart.  (Decl. at 2.)

Many of Plaintiff's claims concern past events, which do not support a claim of imminent physical danger.  Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy.  "Imminent" is "[n]ear at hand . . . impending; on the point of happening; threatening, menacing, perilous.  Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening."  BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991).  "Imminent" is also defined as  "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near."  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976).  "Imminent danger" is "such an appearance of

---

[1]The Court will use the pagination assigned by the CM/ECF system for clarity because Plaintiff failed to number any of his pleadings.

threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

In support of Plaintiff's claims of imminent physical danger, he cites the Third Circuit case of *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 322 (3rd Cir. 2001) (Mansmann, J., dissenting) for the proposition that past wrongs may evidence imminent danger. Plaintiff, however, cites the dissenting opinion in *Abdul-Akbar*. The Third Circuit held that allegations of a prisoner facing danger in the past is insufficient to allow him to proceed *in forma pauperis* under the exception to the "three strikes rule." *Abdul-Akbar,* 239 F.3d at 311, 319. This court follows the holding in *Abdul-Akbar. See Peeples v. Bradshaw,* 110 F. App'x 590, 591 (6th Cir. 2004); *Hardy v. Mich. Dep't of Corr.,* No. 1:07-cv-607, 2007 WL 2030106, at *2 (W.D. Mich. July 11, 2007); *Clark v. Naples,* No. 1:07-cv-557, 2007 WL 1875645, at *2 (W.D. Mich. June 26, 2007). Therefore, the past flooding of Plaintiff's cell and contamination of the food cart does not satisfy the "imminent" component of the "three strikes" standard.

Allegations of danger that are of a speculative nature, such as Plaintiff's allegations that he shall be exposed to HIV, AIDS and Hepatitis from the sewage, do not suffice as well. *Swenson v. Pramstaller,* 169 F. App'x 449, 450-51 (6th Cir. 2006) (allegations that a prisoner sleepwalks and may fall off the top bunk, thrash about his cell injuring himself or others, or upset the prison population as a whole, resulting in retaliation against him, were found not to constitute imminent danger of serious physical injury.) While Plaintiff alleges that he suffers from minor discomforts and unpleasant conditions, he failed to allege specific facts showing that such conditions expose him to the immediate danger of future serious physical injury. *See Watley v. Collins,* No. 1:06-cv-794, 2006 WL 3422996, at *1-2 (S.D. Ohio Nov. 28, 2006) (plaintiff's claim that inmates will occasionally flood their cells with raw sewage that seeps into plaintiff's cell, among several

other claims, failed to support the standard of imminent physical danger.)  Accordingly, Plaintiff

does not allege any immediate or specific danger of future serious physical harm.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has thirty days from the date of entry of this order to pay the entire

civil action filing fee, which is $350.00.  When Plaintiff pays his filing fee, the Court will screen his

complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff fails to pay the

filing fee within the thirty-day period, his case will be dismissed without prejudice, but he will

continue to be responsible for payment of the $350.00 filing fee.


September 4, 2007                    /s/ Paul L. Maloney
Dated: _____      _____
                                    Paul L. Maloney
                                    United States District Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**